UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6291-CR-ROETTGER

UNITED STATES OF AMERICA

v.

ANTHONY APICELLA,

DEFENDANT,
_____/

**NIGHT BOX FILED**

OCT 2 5 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

The United States of America, in response to the Standing Discovery Order issued in this case file this response which is alphabetized and numbered to correspond to that original order and states as follows:

A. 1. There are written and recorded statements made by the defendant. See attached written statements of the defendant made to ATF S/A Pamela Bradley.

2. The defendant made oral statements after arrest, in response to interrogation by a then known-to-be government agent, reports of which are attached, which the government intends to offer in evidence at trial. See attached statements of the defendant.

3. Defendant did not testify before the grand jury.

4. The defendant criminal history is attached.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belonging to the defendant, include but are not limited to: ATF 4473 Firearms Transaction Record signed by Anthony Apicella dated 12/7/99; Sig Saur 9mm semi-automatic pistol, model 226 serial number 4528705, Broward Pawn & Gun Florida Pawnbroker Transaction form dated 10/8/99;Broward County Court orders of protection in cases 97-17397-41;ATF lab report comparing Domestic violence injunction signatures from Anthony Apicella with Signature on Pawnbroker Transaction form; Browning ,Model BPS 12 guage shotgun,serial number 06887NW152; advise of rights form executed 10/11/2000 by Anthony Apicella; NCIC printout of order of protection; ATF report of interstate nexus.

6. The results or reports of physical or mental



examinations or scientific tests or experiments made in connection with this case, are as follows:Handwritting comparison and Fingerprint comparisons were conducted. See attached Curriculum Vitae of ATF S/A Pamela J. Bradley and statement of interstate nexus of firearms based on the examination conducted by S/A Bradley.

    B.   The United States requests the discovery and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

    C.   The only information or material known to the United States which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) or United States v. Agurs, 427 U.S. 97 (1976) is as follows: none known.

    D.   The existence and substance of payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959) is as follows: none known

    E.   None Known

    F.   The defendant was not identified in photo spreads or similar identification procedures.

    G.   The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

    H.   The United States will advise the defendant, prior to trial, of its intent to introduce during its case in chief, evidence of other crimes, wrongs or acts as provided by Federal Rule of Evidence 404(b). Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise.

    I.   The defendant was not an aggrieved person as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or a person against whom the interception was directed.

    J.   The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

    K.   There are no controlled substances which are the subject of the indictment in this case.

L. The United States did not seize or forfeit any automobile, vessel or aircraft allegedly used in the commission of the offenses in this indictment.

M. Latent fingerprints of the defendant were recovered in this case. See Florida Pawnbroker Transaction Form and fingerprint standards for the defendant.

The United States demands, pursuant to Federal Rule of Criminal Procedure 12.1, notice of the defendant's intention to offer a defense of alibi. The approximate date, time and place at which the alleged offense was committed is as follows:

Date:       December 7, 1999

Place       Broward Pawn and Gun, Broward
            County, Florida

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *Thomas P. Lanigan* (signature)
Thomas P. Lanigan
ASSISTANT UNITED STATES ATTORNEY
Court ID # A5500033
500 E. Broward Blvd Suite 700
Fort Lauderdale, FL 33301
954-356-7255 ext 3590
954-356-7230 fax

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was mailed this 23rd day of October, 2000 to:

Robert Berube, SAFPD
101 N.E. 3rd Ave
Fort Lauderdale, Fl.
33301

*Thomas P. Lanigan* (signature)
Thomas P. Lanigan
ASSISTANT UNITED STATES ATTORNEY

cc: S/A Pam Bradley, ATF