UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.00-6291-CR-ROETTGER

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ANTHONY APICELLA,

        Defendant.

_____/

## MOTION FOR A DOWNWARD DEPARTURE

The Defendant, Mr. Apicella, through counsel respectfully moves for a downward departure from the otherwise applicable guideline offense level pursuant to U.S.S.G § 5K2.20.

> §5k2.20 of the Federal Sentencing Guidelines Handbook states that a downward departure may be warranted if the defendant's criminal conduct constituted aberrant behavior. The court may not depart below the guideline range if (1) the offense involved serious bodily injury or death; (2) the defendant discharged a firearm or otherwise used a firearm or a dangerous weapon; (3) the instant offense of conviction is a serious drug trafficking offense; (4) the defendant has more than one criminal history point; (5) the defendant has a prior federal or state felony conviction.

The defendant is charged with making a false statement in connection with the acquisition of a firearm. On December 7, 1999, the defendant entered the Broward Pawn and Gun store in Davie, Florida in order to retrieve a Sig Sauer 9mm handgun which he had pawned on October 7, 1999 in order to pay his car insurance bill. The defendant made a false statement on the Alcohol Tobacco and Firearms Form 4473. The sentencing guidelines provide no guidance as to what constitutes aberrant behavior, but the courts have held that "a single act of aberrant behavior generally contemplates a spontaneous and seemingly thoughtless act rather than one which was the result of



substantial planning." United States v Withrow, 85 F.3d 527, 530 (11th Cir. 1996). The court goes on to conclude that "an act which occurs suddenly and is not the result of a continued reflective process is one for which the defendant may be less accountable." Id. The defendant did this act with spontaneity, with no prior planning, and his conduct merely constituted a thoughtless act upon the spur of the moment. In addition, this offense did not involve serious bodily injury or death to anyone and the defendant did not discharge or use this firearm.

According to the Presentence Investigation Report, the defendant has only one criminal history point resulting from a charge of Battery in 1997. The defendant was found guilty by a jury of misdemeanor battery and sentenced to 12 months probation, which he completed.

Although the defendant was arrested on two separate occasions, one in 1992 for criminal mischief, and the other in 1993 for engaging in indecent behavior, he was never charged with either offense. Despite the fact that several restraining orders have been issued against the defendant, he has never been arrested or charged with any criminal offense relating to any of these incidents.

> The accompanying commentary to U.S.S.G.§ 5K2.20 states that in determining wheher the court should depart on the basis of aberrant behavior, the court may consider the defendants (A) mental and emotional conditions; (B) employment record; (C) record of prior good works; (D) motivation for committing the offense; and (E) efforts to mitigate the effects of the offense.

The Presentence Investigation Report states that the defendant began attending counseling sessions in 1997 due to emotional distress that resulted from marital problems. It was determined by Dr. La Pointe that the defendant suffered from long standing moderate depression and alcohol abuse. The defendant participated in weekly sessions in a motivated and productive manner and the counselors stated that his prognosis was good.

In 1995, the defendant successfully completed the William T. McFadder 174th Police Academy located at Broward Community College, and in November of that year was certified as a

law enforcement officer. The defendant thereafter worked as an officer for the Oakland Park Police Department from 1995 until 1997.

While employed as a law enforcement officer the defendant received an official commendation after he apprehended an individual observed committing a strong armed robbery against an elderly woman while he was off duty. In 1996, he received another official commendation after he participated in the capture of bank robbery subjects. All the performance evaluations conducted with reference to the defendant during his employment as a law enforcement officer were favorable.

Lastly, the defendant has made an effort to mitigate the effects of this offense by accepting responsibility for his actions, and shows sincere remorse.

**CONCLUSION**

Mr. Apicella respectfully requests that this court grants his motion for downward departure and impose a sentence which is consistent with the facts and argument set forth above.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: *[signature]*

Robert N. Berube
Supervisory Assistant
Federal Public Defender
Florida Bar No. 304247
Attorney for Defendant
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / (Fax) 356-7556

3

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was faxed on this 20th day of June, 2001, to Thomas Lanigan, Assistant United States Attorney, at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

Robert N. Berube