UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.00-6291-CR-ROETTGER

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ANTHONY APICELLA,

    Defendant.

_____/



## DEFENDANT'S MOTION TO AMEND CONDITIONS OF HOUSE ARREST

The Defendant, Anthony Apicella, through counsel, files this Motion to Amend the Conditions of House Arrest, and states.

On Friday, July 6, 2001, the Defendant was sentenced to a period of ten months home confinement, with other conditions imposed as is set forth in the Judgment and Commitment Order.

The Defendant has been unsuccessful in resolving two issues with the United States Probation Officer handling his supervision. Defendant Apicella has been employed by Boston Concessions where he is required to perform various duties. Boston Concessions is responsible for staffing the concession stands at venues across South Florida.

In this employment Defendant Apicella works as a concession attendant\bartender at concerts, hockey games or any other entertainment that may be appearing at the National Car Rental Center. His duties would include dispensing hotdogs, popcorn, pretzels, chicken wings and any



other items on the menu. As a full service concession attendant he would also have to dispense beer, wine and liquor.

The Defendant is not guaranteed work for every event at the National Car Rental Center. He is on a list of employees who are contacted on an "event by event basis", therefore, the more he is willing to work the more often he will be called. Likewise, the more he is unable to work, the greater the likelihood of dropping to the bottom of the list. When he receives the call from Boston Concessions, he is not told exactly what he will be doing. Defendant Apicella is advised upon his arrival at the National Car Rental Center what his duties will be. That is when he is informed of his employer's desire to have him work in a specific location. His duties are wide ranging in this capacity. He is not strictly serving alcohol in the traditional sense. He is required to dispense non-alcoholic beverages and to deliver a variety of food products to the patrons. The hours of employment are roughly consistent with the length of the function that is taking place at the National Car Rental Center. His duties may require that he remain after the conclusion of the event for clean up and re-stocking obligations.

Undersigned counsel has spoken with United States Probation Officer Warren Metcalf regarding Defendant Apicella's request to work for Boston Concessions. Probation Officer Metcalf objects to this form of employment by the former police officer and relies upon Florida Statute, Chapter 562.13 (3) which states that "It is unlawful for any vendor licensed under the beverage law to employ as a manager or person in charge or as a bartender any person:

"who has, in the last past 5 years, been convicted of any felony in this state, any other state, or the United States. This subsection shall not apply to any vendor licensed under the provisions of s. 563.02(1)(a) or s. 564.02(1)(a)".

2

In support of the Defendant's request for permission to be employed by Boston Concessions, the Defendant urges the Court to consider Florida Statute 563.02, which permits "Vendors operating places of business where beverages are sold only for consumption off the premises..."

Defendant Apicella urges the Court to rely upon Florida Statute 563.02 for authority to permit him to work behind a full service concession stand at the National Car Rental Center. In this form of employment he is not being employed in the traditional bartender\ restaurant\lounge setting. He is not solely dispensing alcoholic beverages to customers who may be attending a nightclub or dance establishment. He is relied upon to dispense every item on the family oriented menu to all patrons approaching his concession. In his employ he is delivering to a limited audience a wide variety of merchandise which will be consumed (primarily) while watching the event. Florida Law would permit Defendant Apicella to dispense alcoholic beverages to individuals if the merchandise was going to be consumed outside of the establishment. This is allowed because the alcoholic beverage is being consumed off premises, see Florida Statute, Chapter, 562.02 (1)(a).

The last issue that the Defendant seeks to resolve pertaining to his employment concerns contact by the United States Probation Office. It has been the custom on numerous occasions for United States Probation Officers to contact the employers of probationers. The Defendant is not attempting to circumvent the rules and regulations of the United States Probation Office, what he is trying to do is maintain employment. Undersigned counsel has spoken with Deputy Chief, United States Probation Officer Ray Mineau regarding this issue. The issue of contacting the employer was discussed with Deputy Chief Mineau in general terms, not specifically in relation to this case. It is not the policy of Probation to contact all employers for each Defendant. If the individual who is under supervision can substantiate employment through pay stubs or other forms of documentation,

3

that should eliminate the probation officers responsibility from contacting the employer. The United States Probation Office Policy is to review employer contact on a case by case basis. Any contact from the United States Probation Office will result in the immediate termination of the Defendant.

Undersigned counsel has spoken with Assistant United States Attorney Lanigan and United States Probation Officer Metcalf. They both object to the Defendant working in the capacity of a bartender.

WHEREFORE, the Defendant, Anthony Apicella, through counsel, requests that the Court permit him to be employed by Boston Concessions and to work at the National Car Rental Center as a full service concession attendant distributing all manner of merchandise and beverage to the viewing public. The Defendant further requests that he be directed to substantiate his employment by producing as directed all pay stubs to the United States Probation Officer and that the United States Probation Office be directed not to contact his employer.

                                                Respectfully submitted,

                                                KATHLEEN M. WILLIAMS
                                                FEDERAL PUBLIC DEFENDER

By: _____
              Robert N. Berube
               Supervisory Assistant
              Federal Public Defender
              Florida Bar No. 304247
              Attorney for Defendant
              One E Broward Boulevard, Suite 1100
              Fort Lauderdale, Florida 33301
              (954) 356-7436 / (Fax) 356-7556

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this ___7___ day of August, 2001, to Thomas Lanigan, Assistant United States Attorney, at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 and Warren Metcalf, United States Probation Officer, United States Probation Officer, Hollywood Office, 6100 Hollywood Boulevard, Suite 501, Hollywood, Florida 33024-7938.

Robert N. Berube

5